BRIDGES, J.,
for the Court.
¶ 1. Juarez Keyes appeals the Hinds County Circuit Court Order dismissing his motion for postconviction relief on the grounds that (1) the court erred in denying his motion, (2) whether he applies as a habitual criminal, and (3) whether the court erred in denying document requests and the request for an evidentiary hearing.
STATEMENT OF FACTS
¶ 2. On September 30, 1983, Juarez Keyes entered guilty pleas on six separate indictments in the Hinds County Circuit Court. The court sentenced Keyes as a habitual offender. The court sentenced Keyes to(l) a term of thirty-seven years for rape as an habitual offender under Section 99-19-81; (2) fifteen years for robbery as an habitual offender under Section 99-19-81 to run concurrent to the sentence the prior sentence; (3) ten concurrent years for burglary; (4) ten concurrent years for burglary as an habitual offender under Section 99-19-81; (5) twenty consecutive years aggravated assault as an habitual offender under Section 99-19-81; and (6) ten concurrent years for breaking out of a closure after commission of a crime as an habitual offender, but consecutive to the rape, robbery, and two burglary charges.
¶ 3. On September 27, 1989, the Mississippi Supreme Court ruled on Keyes post-conviction motions for five of the six counts in Keyes v. State, 549 So.2d 949 (Miss.1989). Whether or not the court could consider Keyes a habitual offender acted as the only issue in this prior motion as Keyes argued that the court had to give him a separate hearing to decide his habitual offender status. The court noted that a special hearing to determine habitual offender occurs only when the defendant pleads not guilty as a way to prevent prejudicing the jury with evidence from prior convictions. “Under these circumstances, we find beyond peradventure that Keyes’ status as an habitual offender was established at the time his sentences were imposed.” Keyes v. State, 549 So.2d at 951.
¶ 4. On August 18, 2003 Keyes filed another postconviction relief motion also challenging his habitual offender status for the remaining burglary count that he failed to challenge in his previous motion. The Hinds County court denied this motion citing Mississippi Code Annotated § 99-39-11(2) which states, “If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order *78 for its dismissal and cause the prisoner to be notified.”
ANALYSIS
¶ 5. “When reviewing a lower court’s decision to deny a petition for post-conviction relief this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard is de novo.” Golmon v. State, 844 So.2d 1178, 1179(¶ 2) (Miss.Ct.App.2003), citing Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
I.
¶ 6. The State contends that Keyes appeal does not properly appear before this Court. First the state argues that Keyes filed his notice of appeal 134 days late according to the thirty day time limit imposed by M.R.A.P. 4. Keyes argues that the trial court clerk failed to mail him the trial court’s order. Accordingly he surmises that this prevented him from preparing his appeal and tolled the statutory period. He further contends that the State cannot prove he received the order.
¶ 7. The State points out that if Keyes failed to receive the order he had a duty under M.R.A.P 4(h) to file a motion to reopen the time for appeal, which Keyes failed to do. Instead Keyes cites to Egerton v. Cockrell, 334 F.3d 433 (5th Cir.2003) that concerns tolling the statute of limitations for habeas corpus motions under 28 U.S.C.A. § 2244(d)(1)(B), which requires, when, “the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law,” in order to toll the statutory period. This federal habeas statute clearly does not apply to Mississippi postconviction relief proceedings.
¶ 8. The State further argues that according to Mississippi Code Annotated § 99-39-23(6) “any order dismissing the prisoner’s motion or otherwise denying relief under this chapter is a final judgement and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this chapter.” Also of note, the motion falls way past the three year statute of limitations imposed by Miss. Code Ann. § 99-39-5. The trial court correctly denied Keyes’s motion based on all or any of these reasons to proeedurally bar his motion.
II.
¶ 9. Keyes argues that one of the prior convictions the trial court used to enhance his sentence was a probation violation document that did not meet the requirements of Mississippi Code Annotated § 99-19-81. He also argues that since the trial court only sentenced him to thirty-seven years for his rape sentence that the court actually abused it discretion because the court must give a maximum sentence under the statute. For this he cites Harris v. State 527 So.2d 647, 651 (Miss.1988) which says, “If a defendant is a repeat offender falling within the provisions of Miss.Code Ann. § 99-19-81 the trial judge has no alternative but to sentence him under said statute.” Further Keyes argues that if the State properly turned over documents used in his grand jury proceedings he could secure a different outcome. He also argues that the court erred in denying his motion.
¶ 10. Keyes cites to Ard v. State, 403 So.2d 875, 876 (Miss.1981) where the supreme court denied the appellant’s status as a habitual offender because the court did not state, “the court in which he was convicted, the date of the judgment, the nature or the description of the offense for which he was convicted, nor that he was sentenced to serve one year or more in any state and/or federal penal institution, *79 whether in this state or elsewhere.” The supreme court noted when deciding this in his earlier attempt, “the two prior felony convictions relied upon for enhancement of sentence were separate robbery convictions in Cook County, Illinois.” Keyes 549 So.2d at 950. The court also added that both convictions presented Keyes with over a year to serve. So even if Keyes’s motion got past the procedural errors it still fails on the merits.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS AND ISHEE, JJ. CONCUR.
IRVING, J., CONCURS IN RESULT ONLY.
BARNES, J., CONCURS IN PART AND IN THE RESULT.