MYERS, J.,
for the Court:
¶ 1. Derrick Mitchell pleaded guilty in the Lafayette County Circuit Court to the crime of selling cocaine, as a habitual offender, and he was sentenced to ten years without eligibility for probation or parole. Mitchell thereafter filed a motion for post-conviction relief (PCR) in the circuit court, in which he claimed that: his indictment was fatally defective for not including the judgment dates of his prior convictions, and he had received constitutionally ineffective assistance of counsel as a result. The circuit court summarily dismissed the PCR motion, and this appeal followed. Finding no error, we affirm the circuit court’s dismissal.
FACTS
¶ 2. In April 2006, Mitchell was indicted by a Lafayette County grand jury on one count of selling cocaine and one count of selling marijuana. Following a motion by the State, which was filed on January 3, 2007, Mitchell’s indictment was amended to charge Mitchell as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev.2007).
¶ 3. Based on a plea agreement, the State agreed to reduce the charge to habitual-offender status under section 99-19-81 (Rev.2007). In addition, the State agreed to retire the marijuana charge and another unrelated pending charge to the files. The State also agreed to recommend to the circuit court that Mitchell receive a ten-year sentence.
¶ 4. On January 8, 2007, a guilty-plea hearing was held. The circuit court accepted Mitchell’s plea after determining that Mitchell knew and understood that he was pleading guilty as a habitual offender to the crime of selling cocaine, and Mitchell’s plea was voluntary. The circuit court then sentenced Mitchell as a habitual offender to ten years without eligibility for probation or parole in the custody of the Mississippi Department of Corrections.
DISCUSSION
¶ 5. The circuit court may summarily dismiss a PCR motion without an evi-dentiary hearing “if ‘it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.’ ” Staggs v. State, 960 So.2d 563, 565 (¶ 2) (Miss.Ct.App.2007) (quoting Miss. Code Ann. § 99-39-11(2) (Rev.2000)). This Court will affirm the summary dismissal of a PCR motion “if the petitioner has failed to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right.” Flowers v. State, 978 So.2d 1281, 1283 (¶ 5) (Miss.Ct.App.2008) (citation and internal quotations omitted).
I. Mitchell’s Indictment as a Habitual Offender
¶ 6. Mitchell contends that when his indictment was amended to charge him *61 as a habitual offender, the date of judgment was omitted for each of his previous convictions. Mitchell argues that these omissions thereby made the habitual-offender portion of his indictment invalid. We disagree. .
¶ 7. In cases involving enhanced punishment for habitual offenders, Rule 11.03 of the Uniform Rules of Circuit and County Court applies. Rule 11.03(1) states: “The indictment must allege with particularity the nature or description of the offense constituting the previous convictions, the state of federal jurisdiction of any previous conviction, and the date of judgment.”
¶ 8. As Mitchell correctly points out, the habitual-offender portion of his amended indictment failed to include the judgment dates of his prior convictions. The amendment to Mitchell’s indictment reads, in relevant part, as follows:
The defendant was previously convicted in this court of two separate and distinct felonies which arose at different times, which are otherwise wholly unrelated, one to the other, and which were separately prosecuted. In cause number LK98-265B[,] the defendant was convicted of the felony crime of possession of cocaine with intent to distribute and was sentenced to serve a term of three years incarceration in the custody of the Mississippi Department of Corrections. In cause number LK98-265B the defendant served more than one year in prison. In cause number LK98-331D the defendant was convicted of the felony crime of sexual battery and was sentenced to serve a term of three years incarceration in the custody of the Mississippi Department of Corrections. In cause number LK98-331D the defendant served more than one year in prison.
¶ 9. The Mississippi Supreme Court addressed a similar issue in Benson v. State, 551 So.2d 188, 195 (Miss.1989), and found it meritless. There, the contention was made that because the indictment charging the defendant as a habitual offender failed to state the date of the previous judgments, it was fatally defective. Id. In speaking to Rule 6.04, Mississippi Uniform Criminal Rules of Circuit Court Practice (URCCC 11.03 effective May 1, 1995), the Benson court noted that: “The indictment must allege with particularity the nature or description of the offenses constituting the previous felonies, the state or federal jurisdiction of previous conviction, and the date of judgment.” Benson, 551 So.2d at 195. The Benson court then held as follows:
While it is correct that the date of the judgment is not specifically stated in the indictment, all of the information that is contained, and specifically the cause number, afforded the defendant access to the date of the judgment. This Court holds that information pertaining to the date of the judgment was substantially set forth in the indictment and that sufficient information was afforded the defendant to inform him of the specific prior convictions upon which the State relied for enhanced punishment to comply with due process.
Id. at 196.
¶ 10. In accord with Benson, we find in the instant case that even though the date of judgment for each prior conviction was not provided in the amendment to Mitchell’s indictment, all the information contained therein afforded Mitchell access to the date of judgment. The amendment provides the nature and description of each prior felony conviction; it indicates the court in which each conviction was adjudicated; it states the sentence given by the court for each conviction and that Mitchell served one year or more for each sentence; and it provides the cause number for each case.
*62 ¶ 11. All this fairly enabled Mitchell to defend against the State’s habitual-offender charge if Mitchell so chose. Mitchell did not.
¶ 12. As previously mentioned, Mitchell told the circuit court that he knew and understood he was pleading guilty as a habitual offender. And Mitchell indicated to the circuit court that he knew the State would recommend a ten-year sentence to the court. This issue is without merit.
II. Ineffective Assistance of Counsel
¶ 13. Mitchell contends that he received constitutionally ineffective assistance of counsel because his attorney failed to object to the fact that the date of judgment for each of his prior convictions was not provided in the amendment to the indictment.
¶ 14. In order to demonstrate ineffective assistance of counsel, a petitioner must satisfy the familiar two-prong test established in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “First, the convicted defendant must show that counsel’s representation fell below an objective standard of reasonableness. Second, the defendant must show there is reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Hannah v. State, 943 So.2d 20, 24 (¶ 6) (Miss.2006) (internal citations omitted).
¶ 15. This being a case which involves a guilty plea, in order to satisfy the second prong, Mitchell was required to show that but for his counsel’s error(s): he would not have pleaded guilty; he would have instead insisted on going to trial; and the ultimate outcome would have been different. Id. at (¶ 7). Mitchell failed to make such a showing.
¶ 16. Mitchell simply alleges that his attorney was ineffective because his attorney made no objection to the omissions contained in the amendment to the indictment. This is not enough to demonstrate ineffective assistance of counsel. Accordingly, this issue is without merit.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.