CARLTON, J.,
for the Court:
¶ 1. Robert Lee Thomas appeals the Coahoma County Circuit Court’s dismissal of his motion for post-conviction relief (PCR) as both time-barred and successive writ-barred. Thomas claims that his sentence was illegal because the habitual-offender portion of his indictment was defective. Thomas also claims ineffective assistance of counsel based on his lawyer’s failure to object to the defective indictment.
FACTS
¶ 2. On June 10, 1996, a grand jury indicted Thomas on two counts of aggravated assault as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2002). On January 13, 1997, a jury found Thomas guilty of both counts of aggravated assault, and the circuit judge sentenced Thomas as a habitual offender to twenty years on each count, to be served consecutively. On February 19, 1997, the circuit judge denied Thomas’s post-trial motions for a judgment notwithstanding the verdict (JNOV) and for a new trial.[1]
¶ 3. Thomas filed his third PCR motion on May 20, 2010, over thirteen years after his conviction and sentence. The circuit judge dismissed Thomas’s third PCR motion as untimely filed and as a successive writ. Thomas now appeals.
STANDARD OF REVIEW
¶ 4. A trial court’s dismissal of a PCR motion will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999). But when issues of law are raised, the proper standard of review is de novo. Id.
DISCUSSION
¶ 5. In his PCR motion, Thomas claims the habitual-offender portion of his indictment was defective; thus, he submits his conviction and sentence are illegal and must be reversed. Specifically, Thomas states that his indictment failed to specify the dates of judgment or sentencing for his prior convictions. Thomas submits that such information is mandatory under Uniform Rule of Circuit and County Court 11.03(1). Thomas acknowledges that the *1171 State listed the dates of his previous convictions in his indictment, but he claims that the State failed to list the dates of judgment.
¶ 6. Thomas further claims that the circuit court lacked the authority to impose a habitual-offender sentence when the indictment failed to meet the requirements for habitual sentencing. Thomas claims that since the State failed to use the required language in the indictment regarding his prior convictions, the circuit court lacked jurisdiction to sentence him as a habitual offender. See URCCC 11.03(1). Regarding the defective indictment, Thomas requests this Court to “find that such actions were deficient and prejudicial to Thomas and constitute ineffective assistance of counsel.”
¶ 7. In his order dismissing Thomas’s PCR motion, the circuit judge dismissed the motion as time-barred and suecessive-writ-barred. The circuit judge stated as follows:
The sentencing judgment in this cause was filed on January 30, 1997. The instant motion was filed on May 20, 2010, more than thirteen years after the sentence became final. [Mississippi Code Annotated] Section 99-39-5(2) [ (Supp.2011) ] requires that “A motion for relief under this article shall be made within three [ (3) ] years after the time in which the petitioner’s direct appeal is ruled upon by the Supreme Court of Mississippi, or in case no appeal is taken, within three [ (3) ] years after the time for taking an appeal from the judgment of conviction or sentence has expired .... ”
In this case[,] it appears that Thomas never filed a direct appeal. Therefore, he was required to file his motion within three years after the time for taking the appeal expired. Miss.Code Ann. § 99-39-5(2). With more than thirteen years
having passed since Thomas’s judgment of conviction on January 30, 1997, and the denial of his motion for [a] JNOV and/or motion for [a] new trial on February 19, 1997, the time to bring a motion for relief has long expired. In addition, the court finds that none of the exceptions to the time bar apply. Thomas does not allege that there has been any intervening legal decision, nor does he make a claim of new or biological evidence. Likewise, he does not contend that his sentence has expired or that his parole has been unlawfully revoked. Miss.Code Ann. § 99-39-5(2). For these reasons, the court finds that Thomas’s motion is procedurally barred by time.
In his motion, Thomas certifies that he “has not previously filed any post-conviction [motions] in any state or federal court in regards to the claims and illegal actions set forth in the motion.” Despite Thomas’s certification, the criminal court file in cause number 8913 contains two previous motions filed by Thomas requesting an out-of-time appeal. Both motions were construed by the trial judges as motions for post-conviction collateral relief and summarily denied. [Mississippi Code Annotated] [s]eetion 99-39-23(6) states that “The order as provided in subsection (5) of this section or any order dismissing the petitioner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.” Thomas has previously filed two motions at the trial court level seeking leave to file an out of time appeal.... Both motions for relief were either dismissed or denied at the trial court level, and it does not appear that either order has been reversed, consid *1172 ering that there is no indication that either order was appealed. Furthermore, there is no exception to the procedural bar that is applicable to Thomas’s case. See Miss.Code Ann. § 99-39-23(6). Therefore, the court finds that the instant motion for post-conviction collateral relief is procedurally barred as a successive writ.
(Emphasis added).
¶ 8. In the present case, the record indeed reflects that Thomas never tiled a direct appeal; thus, pursuant to Mississippi Code Annotated section 99-39-5(2) (Supp.2011), he was required to file his PCR motion within three years after the time for taking the appeal. Additionally, the supreme court has recently clarified that where a petitioner’s conviction and sentence were never directly appealed, Mississippi Code Annotated section 99-39-7 (Supp.2011) requires the petitioner to first present his PCR motion to the trial court. Jackson v. State, 67 So.3d 725, 731 n. 9 (Miss.2011) (“If a prisoner’s conviction and sentence were never directly appealed, then, pursuant to [Mississippi Code Annotated] [s]ections 99-39-7 and 99-39-27 [ (Supp.2011) ], this Court is not permitted to entertain the prisoner’s PCR motion until it has been ruled upon by the circuit court and appealed to this Court under [Mississippi Code Annotated] [s]ection 99-39-25 [ (Rev.2007) ].”). However, Thomas failed to file his PCR motion until thirteen years after his conviction on January 30, 1997, and the denial of his post-trial motions on February 19, 1997. As a result, we find that Thomas’s motion is procedurally time-barred.
¶ 9. The circuit judge’s order dismissing Thomas’s PCR motion also reveals that Thomas has previously filed two motions at the trial-court level seeking leave to file an out-of-time appeal.[2] The circuit judge noted that both motions for relief were either dismissed or denied by the trial court. The circuit judge also stated that the record reflected that neither order had been appealed or reversed.
¶ 10. We acknowledge that section 99-39-23(6) provides exceptions to the successive-writ bar:
Excepted from this prohibition is a motion filed under [Mississippi Code Annotated] [s]ection 99-19-57(2) [ (Supp. 2011) ], raising the issue of the offender’s supervening mental illness before the execution of a sentence of death.... Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States that would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole[,] or conditional release has been unlawfully revoked.
However, we cannot find any of these exceptions applicable to Thomas’s case. Therefore, we concur with the circuit court’s analysis, and we find no error in the circuit judge’s dismissal of Thomas’s PCR motion as a procedurally barred successive writ. See Madden v. State, 75 So.3d 1130, 1131-32 (¶¶ 7-8) (Miss.Ct.App. 2011).
*1173 ¶ 11. Procedural bar notwithstanding, we find that Thomas’s claims of a defective indictment and ineffective assistance of counsel lack merit. As stated, in cases involving enhanced punishment for habitual offenders, Rule 11.03(1) states: “The indictment must allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous conviction, and the date of judgment.” As Thomas points out, the habitual-offender portion of his indictment failed to include the judgment dates of his prior convictions.
¶ 12. However, in Benson v. State, 551 So.2d 188, 195 (Miss.1989), the Mississippi Supreme Court addressed a defendant’s claim that because the indictment charging him as a habitual offender faded to state the date of the previous judgments, it was fatally defective. The Benson court established:
While it is correct that the date of the judgment is not specifically stated in the indictment, all of the information that is contained [in the indictment], and specifically the cause number, afforded the defendant access to the date of the judgment. This Court holds that information pertaining to the date of the judgment was substantially set forth in the indictment and that sufficient information was afforded the defendant to inform him of the specific prior convictions upon which the State relied for enhanced punishment to comply with due process.
Id. at 196.
¶ 13. Similarly, in Mitchell v. State, 58 So.3d 59, 61 (¶ 10) Miss.Ct.App.2011, this Court found:
[E]ven though the date of judgment for each prior conviction was not provided in the amendment to [Derrick] Mitchell’s indictment, all the information contained therein afforded Mitchell access to the date of judgment. The amendment provides the nature and description of each prior felony conviction; it indicates the court in which each conviction was adjudicated; it states the sentence given by the court for each conviction and that Mitchell served one year or more for each sentence; and it provides the cause number for each case.
¶ 14. In accordance with Benson and Mitchell, we find that although the indictment did not contain the dates of judgment for Thomas’s two prior convictions, the information contained in the indictment sufficiently afforded Thomas access to these dates. We also find that the indictment contained sufficient information to inform Thomas of the specific prior convictions upon which the State relied for enhanced punishment, thus complying with due process. Further, Thomas’s claim of ineffective assistance of counsel fails since Thomas fails to show by a preponderance of the evidence: (1) that his counsel’s performance was deficient, and (2) that the deficiency did, in fact, prejudice his case as required by Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See also Hall v. State, 735 So.2d 1124, 1127 (¶6) (Miss.Ct.App.1999).
¶ 15. After reviewing the record, we affirm the circuit court’s finding that Thomas’s PCR motion constitutes a successive writ. See Miss.Code Ann. § 99-39-23(6). We also find that the motion is procedurally barred since Thomas filed his PCR motion outside the three-year time limitation under section 99-39-5(2). Accordingly, the circuit court’s judgment of dismissal is affirmed.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS *1174 APPEAL ARE ASSESSED TO COAHO-MA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. ■

. The record contains no evidence, as noted by the circuit judge, that Thomas ever filed a direct appeal of his sentence or conviction.

. Thomas's prior PCR motions do not appear in the record before us.