GRIFFIS, P.J.,
for the Court:
¶ 1. Alisha Vanwey appeals the denial of her motion for post-conviction collateral relief (PCCR). Vanwey argues that (1) the habitual-offender portion of the indictment was defective and unconstitutional because it failed to specify that the dates listed were dates of previous judgments rather than dates of previous convictions, and (2) sentencing her as a habitual offender was unconstitutional because the indictment failed to set out two prior convictions for which she had been sentenced to serve one year or more. We find no error and affirm.
FACTS
¶2. Vanwey was indicted by a grand jury in DeSoto County, Mississippi, on four counts (counts one-four) of selling hy-drocodone and one count (count five) of selling codeine. She entered a guilty plea to counts one, two, and four. On October 23, 2007, the court sentenced Vanwey to serve eleven years on each count, as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2007). The sentences were ordered to run concurrently. The court further ordered that counts three and five be remanded to the files.
¶ 3. Vanwey filed a motion for PCCR on March 12, 2008. The circuit court denied the motion. Vanwey appealed, and this Court affirmed on March 1, 2011. See Vanwey v. State, 55 So.3d 1133, 1139 (¶ 15) (Miss.Ct.App.2011).
¶ 4. Vanwey filed another motion for PCCR on October 10, 2011. The circuit court denied the motion. Vanwey was granted leave to appeal out of time. Van-wey now appeals from the denial of her PCCR motion.
STANDARD OF REVIEW
¶ 5. In reviewing the denial of a PCCR motion, an appellate court “will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Callins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008). Questions of law are reviewed de novo. Id.
ANALYSIS
¶ 6. We begin by noting Vanwey’s motion is procedurally barred as a successive writ under Mississippi Code Annotated section 99-39-23(6) (Supp.2012), and because the statute of limitations had lapsed under Mississippi Code Annotated section 99-39-5(2) (Supp.2012). Section 99-39-23(6) provides that “any order dismissing the petitioner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.” Section 99-39-5(2) provides that, when the petitioner has pled guilty, a PCCR motion shall be brought within three years after the entry of the judgment of conviction. Both the successive-writ bar and the time-bar have several listed exceptions. Van-wey has not presented evidence that her motion falls within one of the exceptions to either procedural bar. Notwithstanding these procedural bars, we will address the issues presented.

I. The habitual-offender portion of the indictment is not defective or unconstitutional.

¶ 7. First, Vanwey argues that the habitual-offender portion of the indictment failed to allege that the dates quoted are dates of previous judgments. She claims that she was not properly charged under Rule 11.03(1) of the Uniform Rules of Circuit and County Court. This rule governs *1026 cases involving enhanced punishment for subsequent offenses.[1]
¶ 8. Vanwey admits that Benson v. State, 551 So.2d 188, 195 (Miss.1989), does not require the correct dates to be included in the indictment for the indictment to be held sufficient. However, Vanwey claims that the new language in Rule 11.03(1) has made the decision “obsolete.”
¶ 9. In Benson, the supreme court was faced with. whether the indictment was sufficient to comply with the rules on the enhanced-punishment feature of an indictment. The court noted that “case law has preceded the adoption of the procedural rules on this point and has continuously held that the indictment on the enhanced punishment portion must ‘contain adequate specificity relating to the felony offense for which [the] defendant allegedly had been previously convicted.’ ” Benson, 551 So.2d at 195 (quoting Watson v. State, 291 So.2d 741, 743 (Miss.1974)). However, the Court held:
While it is correct that the date of the judgment is not specifically stated in the indictment, all of the information that is contained, and specifically the cause number, afforded the defendant access to the date of the judgment. This Court holds that information pertaining to the date of the judgment was substantially set forth in the indictment and that sufficient information was afforded the defendant to inform him of the specific prior convictions upon which the State relied for enhanced punishment to comply with due process.
Id. at 196. When Benson was decided, Rule 6.04 was the applicable rule, not Rule 11.03(1). Vanwey asserts that the change from Rule 6.04 to Rule 11.03(1) in 2006 transformed the language of the statute from discretionary to mandatory, and, thus, the decision in Benson is inapplicable.
¶ 10. We reject this argument. The only modification in the rule was the change of the word “felonies” to “convictions.” Thus, Rule 11.03(1) does not render Benson obsolete. Indeed, Benson is applicable to Vanwey’s case.
¶ 11. In Mitchell v. State, 58 So.3d 59 (Miss.Ct.App.2011), Mitchell argued “that when his indictment was amended to charge him as a habitual offender, the date of judgment was omitted for each of his previous convictions”; thus, “these omissions thereby made the habitual-offender portion of his indictment invalid.” Id. at 60-61 (¶ 6). While this Court agreed with Mitchell that his amended indictment failed to include the judgment dates of his prior convictions, this Court found that “all the information contained therein afforded Mitchell access to the date of judgment.” Id. at 61 (¶ 10).
¶ 12. Vanwey’s indictment contained the dates of her previous convictions, but not the dates of judgment, as required by law. In Benson, the date of judgment was not stated in the indictment, but the information in the indictment afforded the defendant access to the date of *1027 the judgment. Benson, 551 So.2d at 196. We find this issue to be without merit.

II. The indictment filed against Van-wey properly set out two prior convictions for which Vanwey had been sentenced to serve one year or more.

¶ 13. Vanwey argues that her indictment failed to state that she was sentenced to serve one year or more for her prior convictions. As a result, Vanwey claims that her sentence is illegal. She contends that Mississippi Code Annotated section 99-19-81 requires that a defendant be sentenced to serve one year or more in a federal or state institution for the conviction to qualify as a prior conviction sufficient to enhance another sentence. Section 99-19-81 provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
¶ 14. In Fullilove v. State, 101 So.3d 669, 678 (¶ 33) (Miss.Ct.App.2012), this Court was presented with a similar issue where the defendant argued “that the circuit judge erred in holding that [his] sentence satisfied [the] requirements of ... section 99-19-81.... ” While Fullilove conceded that his first conviction fell within the habitual-offender statute, his second conviction did not because he had only received a three-month sentence, plus five years of post-release supervision. Fullilove, 101 So.3d at 678 (¶ 33). This Court held, in applying legal precedent, that there was no error in the trial judge’s determination regarding Fullilove’s habitual-offender status; thus, his two prior felony convictions satisfied the requirements of section 99-19-81. Fullilove, 101 So.3d at 679 (¶ 37). This Court stated: “The Mississippi Supreme Court and this Court have repeatedly held that an individual is not required to have actually served any prison time in order to be sentenced as a habitual offender.” Id. at (¶ 35). This Court noted that the supreme court has specifically rejected the argument that section 99-19-81 requires the sentence imposed to be “served through actual incarceration.” Fullilove, 101 So.3d at 679 (¶ 35).
¶ 15. Here, the sentence-enhancement portion of Vanwey’s indictment stated that she had been previously ordered to serve a term of forty-five days and then be placed under a term of five years of reporting post-release supervision, pursuant to Mississippi Code Annotated section 47-7-34 (Rev.2011). Vanwey’s sentence of forty-five days plus five years of post-release supervision qualifies as a sentence of one year or more for the purposes of section 99-19-81. Additionally, Vanwey had been previously convicted of credit-card fraud and sentenced to a term of three years, with two years and two hundred seventy-five days to be suspended. As a result, we find no merit to this issue.
¶ 16. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
*1028 LEE, C.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT.

. Rule 11.03(1) of the Uniform Rules of Circuit and County Court was formerly Rule 6.04 of the Uniform Rules of Circuit and County Court. Rule 11.03(1) provides: “The indictment must allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous conviction, and the date of judgment.” (Emphasis added). Previously, Rule 6.04 provided: "The indictment must allege with particularity the nature or description of the offense constituting the previous felonies, the state or federal jurisdiction of any previous conviction, and the date of judgment.” (Emphasis added). The language of the rule did not change when the rule was amended, except for changing the word "felonies” to "convictions.”