ON WRIT OF CERTIORARI

PIERCE, Justice,
for the Court:
¶ 1. Alisha Vanwey pleaded guilty in 2007 to three counts of selling hydroco- *1024 done in DeSoto County, and the trial court sentenced her as a habitual offender under Mississippi Code Section 99-19-81, to eleven years on each count, to run concurrently, in the custody of the Mississippi Department of Corrections. Vanwey filed a petition for post-conviction relief (PCR) in the DeSoto County Circuit Court, claiming, inter alia, that one of the two prior predicate felonies listed in her indictment alleging habitual-offender status did not meet the requirements of Section 99-19-81. Specifically, Vanwey claimed that her sentence of forty-five (45) days in the custody of Mississippi Department of Corrections (MDOC) followed by five (5) years of post-release supervision, reporting, for the conviction of felony forgery, does not meet Section 99-19-81’s requirement that a defendant “have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution.”
¶ 2. The trial court denied the motion, and the Court of Appeals affirmed the trial court’s decision based on the finding that Vanwey’s motion was procedurally barred as a successive writ and time-barred. Vanwey v. State, 2012-CP-00668-COA, — So.3d —, — - —, 2013 WL 4055366, at 2-3 (Miss.Ct.App. Aug. 13, 2013). The Court of Appeals also found no merit to Vanwey’s claim that her sentence was illegal because Vanwey’s sentence of forty-five days plus five years of post-release supervision qualified as a sentence of one year or more for the purpose of Section 99-19-81. See Miss. Code Ann. § 99-19-81 (Rev.2007); Vanwey, — So.3d at —, 2013 WL 4055366, at *3.
¶ 3. We granted Vanwey’s petition for writ of certiorari. We find, in this instance, Vanwey waived whatever contention she might have had with her habitual-offender status when she failed to challenge the sufficiency or validity of her two prior felony convictions and sentences at her plea hearing and then voluntarily and intelligently entered her guilty plea to three counts of selling hydrocodone as a habitual offender.
¶ 4. Even if Vanwey’s sentence for felony forgery did not meet Section 99-19-81’s requirements, Vanwey cannot demonstrate that she suffered a miscarriage of justice by her sentence. Based on the charges alleged in her indictment, Vanwey faced a possible sentence of 245 years in the penitentiary and a $8,005,000 fine. Vanwey petitioned the trial court to enter an open guilty plea to three of the five counts charged in her indictment, which she acknowledged carried a possible sentence of 180 years in the penitentiary and a $6,000,000 fine. The plea petition contained an agreement between Vanwey and the State for a recommended sentence of fifteen years on each count in the custody of the MDOC, as a habitual offender. During the plea hearing, the trial court fully advised Vanwey of her rights and informed her about the minimum and maximum sentence for each count and that the sentences could “run” consecutively. The trial court extensively questioned Vanwey as to her understanding of what it meant to be sentenced as a habitual offender under Section 99-19-81, and whether her attorney had advised her of the same. Vanwey expressly told the trial court that she understood the consequences of being sentenced as a habitual offender and that her attorney had so advised her. The trial court asked Vanwey if she understood that the court was not bound by any agreements between her and the State, and that the court could sentence her to 180 years in prison based on her guilty plea. Van-wey told the trial court that she understood.
¶ 5. After finding that Vanwey’s guilty plea was knowingly, voluntarily, and intelligently given, the trial court accepted *1025 Vanwey’s guilty plea. Providing Vanwey even more leniency than what the State recommended, the trial court sentenced her to eleven years for each count, to run concurrently, as a habitual offender.
¶ 6. Vanwey now comes to this Court claiming that her fundamental rights were violated because she received an illegal sentence. We think not.
¶ 7. Having failed to demonstrate how her sentence as a habitual offender prejudiced her in the slightest, Vanwey cannot now be heard to complain that her eleven-year sentence as a habitual offender, which she knowingly, voluntarily, and intelligently agreed to, constituted a miscarriage of justice.
¶ 8. Accordingly, we find this issue is without merit. And we affirm the judgment of the Court of Appeals as well as the trial court’s decision to dismiss Van-wey’s PCR claim.
CONCLUSION
¶ 9. The judgment of the Court of Appeals and the judgment of the DeSoto County Circuit Court dismissing Vanwey’s PCR claim are affirmed.
1110. AFFIRMED.
WALLER, C.J., RANDOLPH, P.J., LAMAR AND COLEMAN, JJ„ CONCUR. DICKINSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, CHANDLER AND KING, JJ.