# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00188-COA

**ROBERT THOMAS A/K/A ROBERT LEE THOMAS**        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/16/2018 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH III |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT THOMAS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/25/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., GREENLEE AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.    Robert Lee Thomas appeals the Coahoma County Circuit Court's dismissal of his motion for post-conviction collateral relief (PCR). Thomas claims that his sentence was illegal because the State failed to prove that Thomas was a habitual offender. Finding no error, we affirm the circuit court's dismissal.

## FACTS

¶2.    On June 10, 1996, a grand jury indicted Thomas on two counts of aggravated assault as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 1994). On January 13, 1997, a jury found Thomas guilty of both counts of aggravated assault, and the

circuit judge sentenced Thomas as a habitual offender to twenty years on each count, to be served consecutively in the custody of the Mississippi Department of Corrections, without eligibility for parole.

¶3.     On November 28, 2017, Thomas filed a motion to reduce the sentence or for PCR relief, claiming that the court erred in sentencing him as a habitual offender.  The circuit court dismissed the motion, stating that it lacked authority to reduce or reconsider Thomas's sentence and that Thomas was ineligible for parole.  Thomas now appeals.

## STANDARD OF REVIEW

¶4.     "When reviewing a trial court's denial or dismissal of a motion for PCR, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review legal conclusions under a de novo standard of review." *Chapman v. State*, 167 So. 3d 1170, 1172 (¶3) (Miss. 2015).  A PCR movant bears the burden of showing he is entitled to relief by a preponderance of the evidence.  *Wilkerson v. State*, 89 So. 3d 610, 613 (¶7) (Miss. Ct. App. 2011).

## ANALYSIS

¶5.     At the outset, we recognize that Thomas's motion is both time-barred[1] and successive-

---

[1] Thomas was convicted in 1997.  He did not appeal either conviction.  When no appeal is taken, a defendant has three years "after the time for taking an appeal from the judgment of conviction or sentence has expired" to apply for relief under Mississippi Code Annotated section 99-39-5(2) (Rev. 2015).

2

writ barred.[2] To circumvent these procedural bars, Thomas must assert a cognizable claim involving the violation of a fundamental constitutional right. *See Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). The right to be free from an illegal sentence is a fundamental constitutional right. *Bosarge v. State*, 141 So. 3d 24, 26 (¶7) (Miss. Ct. App. 2014). Here, Thomas's fourth PCR motion raises the same issue of an illegal sentence raised in his third PCR motion. "[A]n issue that has been addressed in a final judgment with specific findings of facts and conclusions of law may not be raised again by a PCR movant." *Savinell v. State*, 147 So. 3d 862, 863 (¶7) (Miss. Ct. App. 2014). However, the Mississippi Supreme Court held in *Smith v. State*, 149 So. 3d 1027, 1032 (¶11) (Miss. 2014), *overruled on other grounds by Pitchford v. State*, 240 So. 3d 1061, 1070 (¶49) (Miss. 2017), that "neither the common law nor our own constitutional law applies the doctrine of res judicata to constitutional claims."

¶6. Even so, "merely asserting a constitutional-right violation is insufficient to overcome the procedural bars. There must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Fluker v. State*, 170 So. 3d 471, 475 (¶11) (Miss. 2015) (citation and internal quotation marks omitted). As stated, Thomas claims his sentence was illegal because the State failed to prove he was a habitual offender as required by Mississippi Code Annotated section 99-19-81. Specifically, he argues that the State was

---

[2] The record does not contain any information regarding Thomas's prior PCR motions. However, in *Thomas v. State*, 99 So. 3d 1169, 1170 (¶¶2-3) (Miss. Ct. App. 2012), this Court dealt with Thomas's third PCR motion regarding these same convictions.

required to prove the length of time served for each sentence before the court could sentence him as a habitual offender. That is simply not the case. Section 99-19-81 only requires that the State prove that Thomas was "convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution[.]" Miss. Code Ann. § 99-19-81. The record shows that the State proved that Thomas had previously been convicted of the sale of a controlled substance (sentence of five years) and a drive-by shooting (sentence of twenty-five years). Consequently, Thomas's argument is without merit.

¶7.     **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR.**