# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01660-COA

**JUAREZ KEYES**                                                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                      **APPELLEE**

DATE OF JUDGMENT:              10/16/2018
TRIAL JUDGE:                  HON. JEFF WEILL SR.
COURT FROM WHICH APPEALED:    HINDS COUNTY CIRCUIT COURT,
                              FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:       JUAREZ KEYES (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: MATTHEW WYATT WALTON
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  AFFIRMED - 04/07/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE BARNES, C.J., WESTBROOKS AND C. WILSON, JJ.

## C. WILSON, J., FOR THE COURT:

¶1.     The Hinds County Circuit Court, First Judicial District, denied Juarez Keyes's motion for post-conviction relief (PCR). Keyes appeals. Finding no error, we affirm.

## BACKGROUND AND PROCEDURAL HISTORY

¶2.     On September 30, 1983, Keyes pled guilty to a number of crimes, including rape, robbery, burglary, aggravated assault, and breaking out of a closure after commission of a crime. For all but one of these crimes, the court sentenced Keyes as a habitual offender

under Mississippi Code Annotated section 99-19-81 (Supp. 1976).[1]  Since his sentencing, Keyes has filed multiple PCR motions, all of which were denied.  *See Keyes v. State*, 549 So. 2d 949 (Miss. 1989); *Keyes v. State*, 918 So. 2d 76 (Miss. Ct. App. 2005); Order, *Keyes v. State*, No. 25CI1:13-cv-00796 (Hinds County, Miss., Cir. Ct. Oct. 9, 2013); *Keyes v. State*, 281 So. 3d 40 (Miss. Ct. App. 2019).

¶3.     Nonetheless, on November 30, 2017, Keyes filed another PCR motion, styled as a "Motion for Post Conviction Collateral Relief to Vacate Habitual Sentencing."  In this latest motion, Keyes asserted that his habitual-offender indictments were invalid because they did not identify the specific Cook County, Illinois judicial district in which his prior felony convictions occurred, as required by Rule 11.03 of the Uniform Rules of Circuit and County Court Practice.[2]  Keyes also asserted ineffective assistance of counsel due to his counsel's

---

[1] The court sentenced Keyes to serve as follows:

> (1) a term of thirty-seven years for rape as an habitual offender under Section 99-19-81; (2) fifteen years for robbery as an habitual offender under Section 99-19-81 to run concurrent to . . . the prior sentence; (3) ten concurrent years for burglary; (4) ten concurrent years for burglary as an habitual offender under Section 99-19-81; (5) twenty consecutive years aggravated assault as an habitual offender under Section 99-19-81; and (6) ten concurrent years for breaking out of a closure after commission of a crime as an habitual offender, but consecutive to the rape, robbery, and two burglary charges.

*Keyes*, 918 So. 2d at 77 (¶2) (emphasis omitted).

[2] Rule 11.03 provided in part: "The indictment must allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous conviction, and the date of judgment."  Rule 11.03 was not adopted until May 1, 1995, and Keyes was sentenced in 1983.  At the time of Keyes's sentencing, Uniform Criminal Rule of Circuit Court Practice 6.04(1) provided the same requirement.  Both of these rules are now superseded by the Mississippi Rules of Criminal Procedure, which became effective July 1, 2017.

failure to object to the alleged defect in the indictments. The circuit court denied Keyes's PCR motion, and Keyes now appeals.

DISCUSSION

¶4. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Gunn v. State*, 248 So. 3d 937, 941 (¶15) (Miss. Ct. App. 2018) (quoting *Berry v. State*, 230 So. 3d 360, 362 (¶3) (Miss. Ct. App. 2017)).

¶5. On appeal, Keyes again asserts (1) that his indictments were invalid because they did not specify the Cook County, Illinois judicial district in which his prior felony convictions occurred and (2) that his counsel's assistance was ineffective. Because Keyes pled guilty in 1983 and because Keyes has previously filed multiple PCR motions, each of which were denied, these claims are barred. *See* Miss. Code Ann. § 99-39-5(2) (Rev. 2015) ("A motion for relief under this article shall be made . . . in case of a guilty plea, within three (3) years after entry of the judgment of conviction."); *see also Evans v. State*, 115 So. 3d 879, 880 (¶2) (Miss. Ct. App. 2013) ("Under Mississippi's Uniform Post-Conviction Collateral Relief Act (UPCCRA), any order denying or dismissing a PCR motion is a bar to a second or successive PCR motion."); Miss. Code Ann. § 99-39-23(6) (Rev. 2015).[3]   Irrespective of these

---

[3] Errors affecting certain fundamental rights, including the right to be free from an illegal sentence, are excepted from PCR procedural bars. *Carter v. State*, 203 So. 3d 730, 731 (¶7) (Miss. Ct. App. 2016). "Under 'extraordinary circumstances,' ineffective assistance of counsel can [also] constitute an exception to the statutory time-bar." *Morales v. State*, No. 2018-CP-00737-COA, 2019 WL 3562031, at *5 (¶24) (Miss. Ct. App. Aug. 6, 2019) (citations omitted), *cert. denied*, Order, No. 2018-CT-00737-SCT (Miss. Feb. 27,

3

procedural bars, Keyes's claims also lack merit.

¶6.     In its order denying Keyes's subject PCR motion, the circuit court found that Keyes "waived his right to object to the error on the indictment charging him as a habitual offender." The circuit court cited *Wells v. State*, 160 So. 3d 1136 (Miss. 2015), *overruled on other grounds by Rowsey v. State*, 188 So. 3d 486, 494 (¶22) (Miss. 2015), and *Vanwey v. State*, 149 So. 3d 1023, 1024 (¶3) (Miss. 2014), in support of this finding. In *Wells*, the appellant contended that his habitual-offender indictment was invalid because it did not specify whether his prior conviction occurred in the First or Second Judicial District in Harrison County, Mississippi. *Wells*, 160 So. 3d at 1144 (¶21). The supreme court held that because the appellant failed to object to this error at trial, the issue was barred from consideration on appeal. *Id*. Similarly, in *Vanwey*, the appellant contended, in her PCR motion, that one of her prior felonies did not meet the habitual-offender sentencing requirements of section 99-19-81. *Vanwey*, 149 So. 3d at 1024 (¶1). The supreme court held that the appellant "waived whatever contention she might have had with her habitual-offender status when she failed to challenge the sufficiency or validity of her two prior felony convictions and sentences at her plea hearing and then voluntarily and intelligently entered her guilty plea . . . as a habitual offender." *Id*. at (¶3).

¶7.     As noted in the circuit court's order, the same is true here. In September 1983, Keyes knowingly and voluntarily entered a guilty plea as a habitual offender. *Keyes*, 549 So. 2d at

---

2020). However, "the movant[] bears the burden of proving an exception applies to the UPCCRA's procedural bars." *Gunn*, 248 So. 3d at 942 (¶19). Keyes has not shown that an exception applies to the procedural bars in this case.

950. During his sentencing hearing, Keyes did not challenge either of his prior Cook County, Illinois convictions but in fact confirmed them before the circuit court:

> Q. You also understand that on this charge, as well as the rest of the charges, that you're charged as a habitual and the indictment—the remaining indictments charged that you've previously been convicted of robbery in the Circuit Court of Cook County, Illinois, on August the 29th, 1979, in Cause No. 79-1762—60—excuse me, 602 and the charge of plain robbery in the Circuit Court of Cook County, Illinois, on August the 5th, 1977, in Cause No. 75-2590 and that on each of those charges they arose out of separate incidents and they were separately—and that on each one of them you were sentenced to separate terms of one year or more in the penal institution. Do you understand that you're being charged as a habitual on that one?
>
> A. Yes.
>
> Q. Have you in fact been convicted of those two charges?
>
> A. Yes.
>
> Q. In Illinois?
>
> A. Yes, sir.
>
> Q. Again, have you gone over all of the facts of this case of this charge with Mr. May?
>
> A. Yes.

*Id*. at 950-51. Accordingly, Keyes waived his right to object to the lack of judicial-district specificity in his habitual-offender indictment. *See Vanwey*, 149 So. 3d at 1024 (¶3).

¶8. Keyes also waived his ineffective-assistance-of-counsel claim.

> A voluntary guilty plea waives claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea. Thus, to obtain post-conviction relief, a petitioner who pled guilty must prove that his attorney's ineffective performance proximately caused the plea—i.e., that but for counsel's errors, the petitioner

5

would not have entered the plea. This requires proof beyond the petitioner's own conclusory assertions.

*Worth v. State*, 223 So. 3d 844, 849-50 (¶17) (Miss. Ct. App. 2017) (citations and quotation mark omitted).  Keyes has failed to offer any proof "that but for counsel's errors, [he] would not have entered the plea." *Id*.  We therefore affirm the circuit court's denial of Keyes's PCR motion.

¶9.    **AFFIRMED.**

    **BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**