# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00270-COA

**CHRISTOPHER DEMOND JONES**                                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/05/2021 |
| TRIAL JUDGE: | HON. TOMIKA HARRIS IRVING |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER DEMOND JONES (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALLISON ELIZABETH HORNE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/22/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., McCARTY AND SMITH, JJ.

### McCARTY, J., FOR THE COURT:

¶1.     A trial court denied a petitioner's motion for post-conviction relief to vacate his status as a habitual offender. Finding his new claim on appeal procedurally barred, we affirm.

¶2.     Christopher Jones plead guilty to a burglary charge stemming from a 2015 indictment. Part of the plea was Mr. Jones' admission that he was a habitual offender due to a 2005 conviction for "business burglary" and a 2006 conviction for the sale of cocaine. He received an eight-year sentence after the entry of the guilty plea.

¶3.     In 2020 he filed a motion to attack his classification as a habitual offender, arguing that his "sentence is illegal" while not challenging the underlying conviction for the 2015 burglary charge. Mr. Jones argued that the indictment failed to properly "set forth the dates

of the judgments of either of the prior convictions which it asserted in the indictment," which he claimed was "plain error" resulting in the imposition of an illegal sentence. Mr. Jones also protested he did not serve over one year for either of the underlying convictions, and so in his view they did not meet the criteria for habitual offender status.

¶4. The trial court denied the motion, holding that under "a strict reading of the statute, the habitual offender status is determined by the number of separate convictions" and the time to which the offender was sentenced—not the time the offender actually served.

¶5. Mr. Jones appealed the denial of his request to vacate the habitual offender status. On appeal before this Court, however, he presents an entirely new argument for the first time—that his lawyer provided ineffective assistance at trial and "never intervened nor . . . object[ed] to the fact that his client was unintentionally making a plea of guilt."

¶6. As a result, Mr. Jones faces a procedural bar. "Issues raised for the first time on appeal are procedurally barred from review as they have not first been addressed by the trial court." *Griffin v. State*, 824 So. 2d 632, 635 (¶7) (Miss. Ct. App. 2002). "A trial judge will not be found in error on a matter not presented to him for decision." *Hampton v. State*, 148 So. 3d 1038, 1041 (¶9) (Miss. Ct. App. 2013).

¶7. Even if Mr. Jones' original arguments carried forward to this appeal, they would falter. *See Vanwey v. State*, 149 So. 3d 1023, 1024 (¶3) (Miss. 2014) (A defendant's failure "to challenge the sufficiency or validity of . . . two prior felony convictions and sentences at her plea hearing" constituted waiver.); *Wingo v. State*, 318 So. 3d 1183, 1185-86 (¶8) (Miss. Ct. App. 2021) (Only providing "the month and year" of prior convictions in an indictment

was sufficient when "there was still enough information to be able to determine the date of judgment.").

¶8.     Furthermore, during the plea colloquy and under oath, Mr. Jones repeatedly acknowledged he understood the charges against him and the penalties he faced, that he was satisfied with the performance of his lawyer, that he was not under duress to plead guilty, and that it was his decision to plead guilty.  The trial court specifically asked:

> THE COURT:     As a matter of fact, Mr. Jones, you're pleading as a habitual offender.  I believe the law requires you to serve all of my sentence day for day; is that correct, counsel?
>
> [COUNSEL]:     Yes, sir.
>
> THE COURT:     Do you understand that?
>
> MR. JONES:     Yes, sir.

¶9.     The assistant district attorney then presented evidence of the two prior convictions, including their dates.  The trial court asked, "Is all that true, Mr. Jones?"  The petitioner responded, "Yes, sir."

¶10.    As in *Wingo*, "[n]ot only did the indictment contain enough information for [him] to be able to ascertain the dates of judgment, [he] acknowledged his habitual offender status and admitted to the prior felonies during his plea colloquy." *Wingo*, 318 So. 3d at 1186 (¶8).

¶11.    Given the procedural bar in this case and the plain text of the colloquy, the circuit court's order is **AFFIRMED**.

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR.**

3