899 So.2d 916 (2005)
Stephen L. CARPENTER a/k/a Stephen Lacey Carpenter, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02234-COA.
Court of Appeals of Mississippi.
February 8, 2005.
Certiorari Denied April 21, 2005.
*917 Stephen L. Carpenter, Appellant, pro se.
Office of the Attorney General by Scott Stuart, attorney for appellee.
*918 Before KING, C.J., CHANDLER and ISHEE, JJ.
KING, C.J., for the Court.
¶ 1. Stephen Carpenter pled guilty to statutory rape in the Circuit Court of Leake County, Mississippi. He was sentenced to a term of three years in the custody of the Mississippi Department of Corrections one year suspended, with two years to serve, followed by five years of post-release supervision, and ordered to pay a fine in the amount of $1,500 and court costs. This sentence was to run consecutively to any other sentence. Aggrieved, Carpenter, pro se, argues the following issues on appeal:
I. The State failed to prove each element of the charge and therefore failed to establish his guilt beyond a reasonable doubt.
II. He received ineffective assistance of counsel.
III. His guilty plea was not voluntarily made.

FACTS
¶ 2. In January 2003, Carpenter was indicted for statutory rape. Carpenter was twenty-one years of age and was alleged to have engaged in sexual intercourse with a minor under the age of sixteen, to whom he was not married. On May 14, 2003, a plea hearing was conducted where Carpenter, represented by counsel, pled guilty to the charge of statutory rape. At the hearing, the trial judge questioned Carpenter to determine whether his guilty plea was knowingly and voluntarily made.
¶ 3. The trial judge asked Carpenter whether he could read and write, to which Carpenter stated that he could. The trial judge asked Carpenter whether his attorney had discussed that a guilty plea waived certain constitutional rights. Carpenter indicated that his attorney had gone over this information with him.
¶ 4. Upon inquiry by the court, Carpenter stated that he pled guilty because he was in fact guilty of the crime charged. The trial judge asked whether Carpenter understood the maximum and minimum penalty for the crime charged. Carpenter's attorney indicated that he had advised Carpenter of this information. After hearing the attorney's information regarding the maximum and minimum penalty, the trial judge advised Carpenter of the maximum and minimum penalty. The trial judge then asked Carpenter whether there had been any promises made to him in exchange for his plea of guilty, to which Carpenter responded in the negative.
¶ 5. When questioned about his attorney's services, Carpenter stated that he was satisfied with his attorney's representation.
¶ 6. Based upon Carpenter's responses to the court's questions, the trial judge determined that Carpenter's guilty plea had been freely and voluntarily entered.
¶ 7. The State recommended that Carpenter serve a term of three years in the Mississippi Department of Corrections, with one year suspended after serving two years, and that he be placed on five years of post-release supervision. The court accepted the State's recommendation, and also ordered that Carpenter pay a $1,500 fine and court costs.
¶ 8. On August 27, 2003, Carpenter filed a motion to vacate sentence and judgment. The trial court considered this motion to be a request for post-conviction relief. On September 29, 2003, the trial court denied Carpenter's motion for post-conviction relief.

Standard of Review
¶ 9. "When reviewing a lower court's decision to deny a petition for post-conviction *919 relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard is de novo." Brown v. State, 731 So.2d 595(¶ 6) (Miss. 1999).

ISSUES AND ANALYSIS
For the sake of convenience, the Court has altered the order in which the issues are addressed.

I.

Whether Carpenter's guilty plea was voluntary.
¶ 10. Carpenter argues that his guilty plea was involuntary. He claims that the trial court never actually asked him each of the questions regarding the waiver of his constitutional rights.
¶ 11. Rule 8.04 of the Uniform Circuit and County Court Rules covers the entry of a guilty plea. Subsections (A)(3) and (4) of that rule address the matters of voluntariness and the advice required to be given a defendant. They read as follows:
3. Voluntariness. Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.

4. Advice to the Defendant. When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:
a. That the accused is competent to understand the nature of the charge;
b. That the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law;
c. That the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination; if the accused is not represented by an attorney, that (s)he is aware of his/her right to an attorney at every stage of the proceeding and that one will be appointed to represent him/her if (s)he is indigent.
¶ 12. The trial judge asked whether Carpenter could read and write, to which Carpenter indicated that he could. Carpenter filed a petition to enter a plea of guilty. That petition required that Carpenter answer a number of questions before entry of a plea. The trial judge asked Carpenter if he had any questions regarding matters on the guilty plea petition that he did not understand. Carpenter stated that he did not have any questions. The questions on the guilty plea petition regarding the waiver of constitutional rights were as follows:
Do you know and understand that you have constitutional rights, and that it is the duty of this court to protect those constitutional rights for you? One of those rights is your right to a jury trial, do you understand that? Do you know that if you desire to have a trial, you have the right to be confronted by the witnesses against you? Do you know that you, or you through your attorney, have the right to question and cross-examine the witnesses against you? Do you know that you have the right to present witnesses; that you have the choice to testify, or not to testify, and if you choose not to testify, the fact cannot be commented upon or used against *920 you? Do you understand that the State has the burden of providing the case against you beyond a reasonable doubt? Do you understand that, if you desire a trial, all twelve (12) jurors must agree on a verdict of guilty? Do you understand if a jury convicted you, you would have a right to appeal to our Supreme Court, but if you plead guilty, you are waiving your right to appeal your case? Do you understand that if you plead guilty, you are waiving your constitutional right against self-incrimination, the constitutional rights I have just asked you about, and all of your constitutional rights? Do you understanding that, if your plea of guilty is accepted, the only thing remaining for the court to do is to sentence you, and that sentence could be the maximum sentence provided by law?
¶ 13. The trial judge specifically asked Carpenter questions regarding his understanding of the waiver of his constitutional rights. Carpenter indicated that he understood these rights and the waiver of these rights. The record before this Court indicated that reasonable steps were undertaken to insure that Carpenter's plea was voluntary. Given the record before us, this Court cannot say that the plea was not voluntary.

II.
Whether the State failed to prove Carpenter's guilt beyond a reasonable doubt.
¶ 14. Carpenter alleges that the State failed to establish his guilt beyond a reasonable doubt. He claims that the trial court failed to establish the elements of the offense charged.
¶ 15. The failure to prove Carpenter's guilt beyond a reasonable doubt is not the proper subject matter for post-conviction relief. Post-conviction relief proceedings are for the purpose of bringing to the trial court's attention facts not known at trial. Williams v. State, 669 So.2d 44, 52 (Miss.1996). The failure to prove Carpenter's guilt beyond a reasonable doubt is a contention which should have been explored on direct appeal. Id.
¶ 16. This Court notes that the entry of "[a] guilty plea operates to waive the defendant's privilege against self-incrimination, the right to confront and cross-examine the prosecution's witnesses, the right to a jury trial and the right that the prosecution prove each element of the offense beyond a reasonable doubt." Jefferson v. State, 556 So.2d 1016, 1019 (Miss. 1989).
¶ 17. This Court finds no merit to this issue.

III.

Whether Carpenter received effective assistance of counsel.
¶ 18. Carpenter contends that he was denied effective assistance of counsel because his attorney (1) failed to accurately advise him of the maximum and minimum penalty for statutory rape, (2) failed to investigate the case, and (3) failed to advise him of parole eligibility/ineligibility. Carpenter maintains that had he known that he would not be eligible for parole, he would have insisted on going to trial.
¶ 19. To establish a claim of ineffective assistance of counsel, Carpenter must show that under the totality of the circumstances, (1) his attorney's performance was deficient and (2) that deficient performance deprived Carpenter of a fair trial. Simon v. State, 857 So.2d 668(¶ 22) (Miss.2003). Carpenter claims to have been prejudiced by his attorney's failure to investigate the case, and his failure to *921 advise him of the minimum penalty allowable.
¶ 20. Carpenter was charged with statutory rape pursuant to Mississippi Code Annotated Section 97-3-65(1)(a) (Supp.2003). Because Carpenter was twenty-one years of age at the time of the violation, penalty Section 97-3-65(3)(b) applied. A person sentenced pursuant to Section 97-3-65(3)(b) shall be imprisoned not more than thirty years in the State Penitentiary nor fined not more than $10,000, or both, for the first offense, and not more than forty years of imprisonment for each subsequent offense. The petition to enter a guilty plea, which was signed by Carpenter, noted the maximum penalty for this offense as "30 years in custody of MDOC + $10,000.00 fine." Additionally, the record provided to this Court shows that the trial court informed Carpenter of the sentence for the crime of statutory rape. The statute does not reflect a mandatory minimum penalty for the offense.
¶ 21. Carpenter next suggests that his attorney failed to investigate the facts of the case, or present any evidence in mitigation. Carpenter admitted that he committed the offense of statutory rape. But of greater significance, he has not suggested to this Court any specific facts which an investigation might have yielded that would impact the issue of guilt, or might have mitigated his sentence. Indeed, the statute specifically states that neither consent or lack of chastity is a defense to a charge of statutory rape. Mississippi Code Annotated Section 97-3-65(2) (Supp.2004).
¶ 22. Carpenter says that his attorney did not address the issue of parole eligibility. There is no requirement that a defendant be informed about his parole eligibility. Shanks v. State, 672 So.2d 1207, 1208 (Miss.1996); Stewart v. State, 845 So.2d 744(¶ 11) (Miss.Ct.App.2003). However, if a discussion of parole eligibility is undertaken, and the defendant relies on the same in reaching a decision to plead or not plead, he is entitled to accurate information, Fairley v. State, 834 So.2d 704 (¶¶ 7, 8) (Miss.2003), and the failure to provide the same may render the plea involuntary. Id. There is no suggestion that Carpenter received or relied upon inaccurate information on his parole eligibility in deciding to enter a plea of guilty.
¶ 23. Carpenter has the responsibility of providing more than conclusory allegations on a claim of ineffective assistance of counsel. Wilcher v. State, 863 So.2d 776 (¶ 169) (Miss.2003). He is obligated to specifically identify the acts of ineffectiveness, and demonstrate that these acts prejudiced the outcome of his case. Howard v. State, 785 So.2d 297(¶ 6) (Miss.Ct.App.2001). Carpenter has failed to meet that burden of proof, and this Court declines under these circumstances to hold that he received ineffective assistance of counsel.
¶ 24. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.