# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-KA-00901-SCT

*EUGENE MARTIN a/k/a E. MARTIN*

*v.*

*STATE OF MISSISSIPPI*

DATE OF JUDGMENT:                    05/28/2015
TRIAL JUDGE:                       HON. LEE SORRELS COLEMAN
COURT FROM WHICH APPEALED:   LOWNDES COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:      OFFICE OF THE STATE PUBLIC DEFENDER
                                 BY: MOLLIE MARIE McMILLIN
                                    GEORGE T. HOLMES
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                                 BY: KAYLYN HAVRILLA McCLINTON
DISTRICT ATTORNEY:              FORREST ALLGOOD
NATURE OF THE CASE:            CRIMINAL - FELONY
DISPOSITION:                       AFFIRMED IN PART; REVERSED IN PART
                                 AND REMANDED - 03/09/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**MAXWELL, JUSTICE, FOR THE COURT**

¶1.      Mississippi Code Section 99-19-81[1] authorizes the State to seek increased punishment for

---

[1] Under this sentencing enhancement:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be

those charged with a felony offense after having twice been convicted of prior felonies. But for this statutory enhancement to apply, the State must prove each of the defendant's prior felony convictions resulted in a sentence of one or more years in a state or federal prison. If the State seeks enhanced sentencing, and the requirements are met, Section 99-19-81 mandates the court sentence the defendant to the maximum term of imprisonment for the subject offense—in this case ten years.

¶2. Eugene Martin, who recently was convicted of shooting into a dwelling and sentenced as a habitual offender under Section 99-19-81, claims one of his two prior qualifying felony convictions resulted in a sentence of less than one year. So he was wrongfully subjected to the sentencing enhancement. After review, we agree. We thus affirm Martin's conviction for shooting into a dwelling, but reverse and remand for resentencing.

### Background Facts and Procedural History

¶3. After a night out at a club, Martin and Gene Sherrod got into an argument outside the apartments where they lived in Columbus, Mississippi.[2] Around midnight, a scuffle broke out between the two, and Sherrod choked Martin in a headlock. After he let go of Martin, the men returned to their apartments. A short time later, Martin returned to Sherrod's apartment armed with a pistol. When he was unable to force his way inside Sherrod's locked apartment, Martin fired several shots through the door.

---

eligible for parole or probation.

Miss. Code Ann. § 99-19-81 (Rev. 2015).

[2] Martin had been at the club on the evening of September 25, 2013.

2

¶4.    On April 22, 2014, a Lowndes County grand jury indicted Martin for firing a weapon into a dwelling, in violation of Mississippi Code Section 97-37-29.   The State moved to amend Martin's indictment to charge him as a habitual offender under Mississippi Code Section 99-19-81.  The motion cited a 1982 conviction for burglary in Lowndes County and a 1994 federal bank-fraud conviction from California.[3]   A hearing was held, and Martin's attorney made no objection to the State amending his indictment to seek enhanced punishment.  After a two-day trial in May 2015, a jury found Martin guilty.   Based on the habitual-offender enhancement, the trial judge sentenced Martin to the maximum term under the statute—ten years in prison.  Martin filed a motion for a judgment notwithstanding the verdict or, alternatively, for a new trial.  The judge denied the motion.

¶5.    On appeal, Martin's new counsel argues his sentence is illegal because the prior federal bank-fraud conviction did not result in a sentence of one year or more and does not meet Mississippi Code Section 99-19-81's requirements for a habitual-offender enhancement.[4]

**Discussion**

---

[3] The motion argues the burglary conviction carried a term of one year or more in the Mississippi Department of Corrections, while the bank-fraud conviction carried a term of three months in the custody of the United States Bureau of Prisons and three years of supervised release.

[4] Additionally, Martin has filed numerous pro se motions asserting on appeal that: (1) his sentence is illegal because of improper enhancement as a habitual offender, (2) there was insufficient evidence to enhance his sentence, (3) his counsel was ineffective for failing to object during sentencing or otherwise challenge his sentence enhancement, (4) there was no Rule 11.03 hearing under the Mississippi Uniform Rules of Circuit and County Court Practice, (5) there was insufficient notice on the motion to amend the indictment, (6) his indictment was defective, (7) his conviction was based on insufficient evidence and is against the overwhelming weight of the evidence, and (8) his due process rights were violated.

¶6. Martin did not object to the judge imposing the mandatory maximum sentence under Section 99-19-81. And failure to object to a habitual-offender enhancement during sentencing procedurally bars a defendant from raising that issue on appeal. *Cummings v. State*, 465 So. 2d 993, 995 (Miss. 1985) (citing *Tucker v. State*, 403 So. 2d 1271 (Miss. 1981), and *Tubbs v. State*, 402 So. 2d 830 (Miss. 1981)). But plain-error review allows this Court to correct obvious errors, not properly addressed below, which impact fundamental, substantive rights. *See Smith v. State*, 986 So. 2d 290, 294 (¶ 10) (Miss. 2008) (citations omitted). An illegal sentence is an obvious error subject to plain-error review.[5] *See Conner v. State*, 138 So. 3d 143, 150-51 (¶ 19) (Miss. 2014) (citing *Grayer v. State*, 120 So. 3d 964, 969 (Miss. 2013)).

### I. Habitual-Offender Enhancement

¶7. Before Martin's indictment was amended to seek a habitual-offender sentence, he faced a discretionary sentence of *up to* ten years imprisonment under Section 97-37-29. But the State sought enhanced punishment, and the circuit judge granted the State's request based on Martin's prior felony convictions. The particular habitual-offender statute that the judge found applicable here—Section 99-19-81—required, upon conviction, that he sentence Martin to a *mandatory*

---

[5] This Court previously faced a similar claim that a felony conviction, which resulted in a forty-five day sentence with five years of post-release supervision, did not qualify as a sentence of one year or more, to trigger a habitual-offender sentence under Section 99-19-81. *Vanwey v. State*, 149 So. 3d 1023 (Miss. 2014). But in *Vanwey*, this Court held the defendant waived any challenge to the sentence by failing to object to the allegedly improper Section 99-19-81 enhancement. We found no miscarriage of justice in that case, because the defendant faced 245 years in prison but negotiated a plea agreement to a far lesser sentence of forty-five years. *Id*. at 1024 (¶ 4). The case before us, however, involves a much different situation. In this case, Martin did not negotiate a plea agreement, recommending a lesser sentence—he was convicted at trial. Nor did he receive a lesser sentence, rather he was sentenced as a habitual offender to a *mandatory* maximum sentence of ten years. Thus, his substantive rights were impacted, so we cannot find waiver.

term of ten years.[6]

¶8.    To qualify as a habitual offender under Section 99-19-81, the defendant must have two prior felony or federal convictions that resulted in separate prison sentences of one year or more. The problem with the statute's application here is that the State proved just one of Martin's prior convictions imposed a prison sentence of one year or more—his 1982 burglary conviction.

¶9.    Martin's other cited conviction—a 1994 federal bank-fraud conviction from California—resulted in a sentence of only three months' imprisonment, with three years of supervised release. And when Martin violated the terms of that release, he was sentenced to only an additional five months' imprisonment. Even with the time tallied together, he was sentenced to less than one year on the federal conviction. So, with Martin lacking two qualifying convictions for enhancement under Section 99-19-81, the habitual-offender statute did not apply. And the circuit judge was not required to sentence Martin to a mandatory ten-year sentence under Section 97-37-29. Therefore, Martin must be resentenced.[7]

## II.    Defective Indictment

¶10.   Martin also lodges a pro se claim that his amended indictment is defective. The purported defect is that his indictment was improperly amended and never served on him. These arguments lack merit. The original indictment charged the necessary elements of Section

---

[6] *See* Miss. Code Ann. § 99-19-81 (Rev. 2015).

[7] On remand for resentencing, Martin still faces up to ten years' imprisonment, but not a mandatory sentence of ten years.

97-37-29.[8]  And the only revision was the State's inclusion of his prior felony convictions to trigger the habitual-offender enhancement.  Uniform Rule of Circuit and County Court Practice 7.09 permits amending indictments to charge the defendants as habitual offenders if the defendant has an opportunity to defend and is not unfairly surprised.  ¶i)    The State moved to amend Martin's indictment on August 29, 2014.  The hearing on the motion was September 2, 2014.  Martin made no effort to contest or object to the motion.  Martin's trial did not commence until May 27, 2015.  So the timing of the notice is not an issue.  And from the record, it is clear Martin was neither unaware nor surprised by the substantive charge of shooting into a dwelling.  He had ample notice and time to contest the habitual-offender amendment; he simply opted against doing so.  Because there is no record evidence his attorney did not provide him the amended indictment, resulting in prejudice to his defense, we reject this claim.

### III.    Weight and Sufficiency of the Evidence

#### A.    Sufficiency of the Evidence

¶11.    When reviewing the sufficiency of the evidence, we ask "whether, after viewing the

---

[8]  Mississippi Code Section 97-37-29 states, in full:

> If any person shall willfully and unlawfully shoot or discharge any pistol, shotgun, rifle or firearm of any nature or description into any dwelling house or any other building usually occupied by persons, whether actually occupied or not, he shall be guilty of a felony whether or not anybody be injured thereby and, on conviction thereof, shall be punished by imprisonment in the state penitentiary for a term not to exceed ten (10) years, or by imprisonment in the county jail for not more than one (1) year, or by fine of not more than five thousand dollars ($5,000.00), or by both such imprisonment and fine, within the discretion of the court.

Miss. Code Ann. § 97-37-29 (Rev. 2014).

evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." **Bush v. State**, 895 So. 2d 836, 843 (¶ 16) (Miss. 2005) (quoting **Jackson v. Virginia**, 443 U.S. 307, 315, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).

¶12.    Though Martin suggests his conviction is based on insufficient evidence, he fails to mention what element the State failed to prove. There was testimony from the victim, Gene Sherrod, and Columbus Police Investigator Tabertha Hardin. They detailed how Martin fired four shots from a nine-millimeter pistol into Sherrod's apartment. The bullets traveled through the apartment's front door, damaging Sherrod's television. And at every stage, from the shooting, to a photo lineup, and ultimately trial, Gene Sherrod identified Martin as the shooter. The State sufficiently proved Martin shot a firearm, willfully and unlawfully, into Gene Sherrod's apartment, meeting every element of Section 97-37-29.

### B.    Weight of the Evidence

¶13.    When considering a challenge to the weight of the evidence, we review the evidence "in the light most favorable to the verdict." **Bush**, 895 So. 2d at 844 (¶ 18) (citing **Herring v. State**, 691 So. 2d 948, 957 (Miss. 1997)). And we "will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." **Id**. Again, the eyewitness victim testified. So did a Columbus Police Department investigator. And Martin's cross-examination of the State's witnesses was limited. Martin called no witnesses and rested without offering any testimony in defense. Martin's attorney simply argued that someone else shot into Sherrod's apartment, but the jury disagreed.

7

The weight of the evidence overwhelmingly supports Martin's conviction.

## IV. Remaining Claimed Errors

¶14. Martin also pitches a litany of other supposed errors. But these claims are unsupported by either record evidence or authority.[9] This Court has been clear: "an appellant must present to us a record sufficient to show the occurrence of the error he asserts and also that the matter was properly presented to the trial court and timely preserved." *Byrom v. State*, 863 So. 2d 836, 853 (¶ 35) (Miss. 2003) (citing *Acker v. State*, 797 So. 2d 966, 967 (Miss. 2001) (quotations omitted)). And "[f]ailure to cite relevant authority obviates the appellate court's obligation to review such issues." *Id*. (citing *Simmons v. State*, 805 So. 2d 452, 487 (Miss. 2001) (citations omitted)). Thus, we need not address the remainder of Martin's claims.

## Conclusion

¶15. Because Martin received an illegal sentence enhancement under Section 99-19-81, we reverse Martin's mandatorily imposed maximum sentence and remand for resentencing under Section 97-37-29. We affirm in all other respects.

¶16. **AFFIRMED IN PART; REVERSED IN PART AND REMANDED.**

**WALLER, C.J., DICKINSON, P.J., KITCHENS, KING, COLEMAN, BEAM AND CHAMBERLIN, JJ., CONCUR. RANDOLPH, P.J., NOT PARTICIPATING.**

---

[9] Martin claims numerous "due process violations." He suggests witnesses lied in affidavits, he was given no opportunity for a fair trial, he was provided insufficient notice, and that police suppressed evidence. However, he cites no record evidence or supporting authority to substantiate any of these claims.