# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00021-COA

**ALLAN DAVID COOPER**                                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                 **APPELLEE**

DATE OF JUDGMENT:             12/05/2017
TRIAL JUDGE:                  HON. GERALD W. CHATHAM SR.
COURT FROM WHICH APPEALED:    DESOTO COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       ALLAN DAVID COOPER (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  AFFIRMED - 12/18/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**GREENLEE, J., FOR THE COURT:**

¶1.     This is an appeal from the DeSoto County Circuit Court's denial of Allan David

Cooper's motion for post-conviction relief (PCR) as meritless. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Cooper was indicted in DeSoto County for obtaining over $35,000 with the intent to

defraud in violation of section 97-19-39 of the Mississippi Code Annotated (Rev. 2006). The

State later moved to amend his indictment to classify him as a section 99-19-81 habitual

offender:

> and the said ALLAN DAVID COOPER having been previously convicted of
> Bank Fraud in Case No. 2:96-CR-20197-001-TU in the United States District
> Court of the Western District of Tennessee and sentenced on June 19, 1997,

to serve a term of six months imprisonment and three years of supervised release;

and the said ALLAN DAVID COOPER having been previously convicted of Theft of Property over $1000 in Case No. 03-05362 in the Criminal Court of Shelby County, Tennessee and sentenced on February 14, 2005, to serve a term of three years in a Tennessee Department of Corrections Workhouse;

and the said ALLAN DAVID COOPER thereby coming under Section 99-19-81, Mississippi Code 1972 Annotated, as amended, a Mississippi habitual offender statute, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.

*See* Miss. Code Ann. § 99-19-81 (Rev. 2015).

¶3. The court granted the motion, and Cooper pled guilty as a section 99-19-81 habitual offender using bank fraud and theft-of-property to establish that status. The DeSoto County Circuit Court accepted his plea and sentenced him to serve one day in the custody of the Mississippi Department of Corrections, with credit for time served, followed by nine years and 364 days of post-release supervision.

¶4. Four years later, Cooper pled guilty to wire fraud in the United States District Court for the Western District of Tennessee. The court sentenced him to serve twenty-seven months in federal prison followed by three years of supervised release.

¶5. The State of Mississippi then filed a petition to revoke Cooper's post-release supervision associated with the intent-to-defraud guilty plea on the basis that he had committed a new crime in violation of its terms. After Cooper was released from federal prison, the DeSoto County Circuit Court revoked his post-release supervision and sentenced him to five years' imprisonment.

¶6. Cooper moved for post-conviction relief. The circuit court ordered the State to

2

respond to Cooper's motion in light of the Mississippi Supreme Court's holding in *Martin v. State*, 214 So. 3d 217 (Miss. 2017). The State did so, and the court found Cooper's case distinguishable.

¶7. The court denied his motion, and Cooper appeals. He asserts that: (1) both the initial sentence and the resultant sentence from his post-release supervision violation were improper because they stemmed from a fatally deficient indictment; and (2) he received ineffective assistance of counsel. Finding no error, we affirm the circuit court's judgment.

## DISCUSSION

¶8. "A circuit court's denial of a PCR motion is reviewed for abuse of discretion and will not be disturbed unless the circuit court's decision was clearly erroneous." *Campbell v. State*, 233 So. 3d 904, 905 (¶3) (Miss. Ct. App. 2017) (citing *Crosby v. State*, 16 So. 3d 74, 77 (¶5) (Miss. Ct. App. 2009)).

### I. Were Cooper's sentences improper because they stemmed from a fatally deficient indictment?

¶9. Cooper's initial indictment did not include the habitual-offender status. But his amended indictment did. Cooper now asserts that the amended indictment did not properly set forth the two qualifying felony convictions for that status. Specifically, he argues that his bank-fraud sentence of six months' imprisonment and three years' supervised release did not rise to the level of the one-year sentencing requirements of section 99-19-81 of our statutory law. But "the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment." *Alford v. State*, 185 So. 3d 429, 431 (¶6) (Miss. Ct. App. 2016) (quoting *Joiner v. State*, 61 So. 3d 156, 159 (¶7) (Miss. 2011)). That waiver even

incorporates "an indictment's failure to include habitual offender status . . . ." *Joiner*, 61 So. 3d at 160 (¶10). For reasons discussed below, we find that Cooper waived the indictment's defects.

¶10.    Generally, in Mississippi, "a voluntary guilty plea functions as a waiver." *Joiner*, 61 So. 3d at 161 (¶15) (citing *Brooks v. State*, 573 So. 2d 1350, 1353 (Miss. 1990)). When Cooper petitioned the DeSoto County Circuit Court to enter a guilty plea to obtaining over $35,000 with the intent to defraud, his plea documents indicated that he was a college-educated man who retained his own counsel. In the plea, he acknowledged a maximum punishment of ten years' imprisonment and a $10,000 fine. Furthermore, the petition—which he signed—noted that "[i]t is [his] understanding that the District Attorney will recommend to the Court that [he] receive[s] a sentence as follows . . . : 10 years post release supervision pursuant to section 99-19-81, 2 years reporting, fines, costs, and assessments, restitution . . . ." He also listed two prior felonies: bank fraud and theft-of-property.

¶11.    At his sentencing, Cooper acknowledged that he had reviewed and signed the petition. He affirmed that his attorney had thoroughly discussed his case with him. His attorney reported to the court that he was satisfied that the State could prove the underlying convictions to establish Cooper as a habitual offender under section 99-19-81. Finally, Cooper agreed that he had "been convicted of . . . underlying felonies which establish [him] as a Section 99-19-81 offender." Then, the following discussion occurred:

By the Court:        All right. I will reluctantly approve Mr. Cooper's sentence. He'll be sentenced as a Section 99-19-81 habitual offender to ten years in the Mississippi Department of Corrections to be served one day

4

incarceration, nine years, three hundred and sixty-four days post-release supervision, two of those years reporting, a 1,000-dollar fine plus court costs, $200.00 to Crime Victims Compensation Fund, as well as restitution . . . totaling $52,719.00.

I understand that amount is by agreement of the parties. Is that correct, Mr. Thompson?

By Mr. Thompson:  It is, Your Honor.

By the Court:      Is that correct, Mr. Cooper?

By the Defendant:  Yes, Your Honor.

¶12.    It is apparent that Cooper pled knowingly and voluntarily as a section 99-19-81 habitual offender. This statement alone is sufficient to show that he has waived the assertion to a claim of an improper sentence. Also notable is that because Cooper willingly pled guilty to the enhancement as a habitual offender, the State was not forced to proceed to a trial on that issue, through which it could have discovered any issues with the sentences Cooper served and could have contested those arguments or adjusted the position of the State accordingly.

¶13.    This determination conforms with our state's jurisprudence. In *Martin*, a jury found the defendant guilty of burglary, and the court sentenced him as a habitual offender with no objection to that status. *Martin*, 214 So. 3d at 220 (¶4). But the Mississippi Supreme Court determined his sentence was illegal because one of his prior convictions did not result in a sentence of one year or more:

Martin's other cited conviction—a 1994 federal bank-fraud conviction from California—resulted in a sentence of only three months' imprisonment, with three years of supervised release. And when Martin violated the terms of that

5

> release, he was sentenced to only an additional five months' imprisonment. Even with the time tallied together, he was sentenced to less than one year on the federal conviction.

*Id.* at 221 (¶9). Thus, his prior convictions did not meet the requirements of section 99-19-81. *Id.* Like the circuit court, we too find that Cooper's case is distinguishable. Unlike in *Martin*, Cooper pled guilty as a habitual offender. In that vein, his case is more similar to *Vanwey v. State*, 149 So. 3d 1023 (Miss. 2014).

¶14. There, our supreme court held that Vanwey had waived her objection to the habitual-offender sentence and also noted that she had negotiated a plea agreement from a potential sentence of 245 years in prison to forty-five years in prison—gaining a significant benefit. *Vanwey*, 149 So. 3d at 1024 (¶4). Notwithstanding this significant benefit, the supreme court in *Vanwey* ruled that Vanwey had waived the issue by her plea. *Id.* at (¶3).

¶15. In the present case, Cooper acknowledged in his plea agreement that the maximum punishment that the circuit court could impose was ten years' imprisonment and a $10,000 fine, thereby waiving the right to later object to such punishment. *See* MRCrP 15.4(a)(2). Furthermore, spending nine years and 364 days out of jail rather than ten years in jail is clearly a significant benefit negotiated by Cooper's retained attorney. Cooper waived the assertion of receiving an improper sentence when he agreed that he was a habitual offender and that the court could sentence him to ten years' incarceration. His plea agreement with the State then resulted in a significant benefit to his sentence when Cooper pled guilty. The court then ordered that benefit to Cooper as agreed upon by him and the State.

¶16. Cooper had been convicted of bank fraud and theft-of-property, and here he pled

6

guilty to obtaining over $35,000 with the intent to defraud as a habitual offender. Therefore, we affirm the circuit court's judgment under the abuse-of-discretion standard. Cooper's plea waived this attempt to undo his sentence.

## II. Did Cooper receive ineffective assistance of counsel?

¶17. Cooper also asserts he received ineffective assistance of counsel. In its order denying Cooper's motion for post-conviction relief, the DeSoto County Circuit Court acknowledged that a guilty plea would not waive Cooper's effective-assistance-of-counsel constitutional right, but the court noted that Cooper "has not shown that his counsel's performance was deficient, nor that he was prejudiced by counsel's deficient performance." This remains true, as Cooper does not provide a statement by his attorney to document his assertion that he was not advised of the requirements for section 99-19-81 to apply or any other "proof that counsel's performance was objectively deficient . . . ," *Bolton v. State*, 243 So. 3d 796, 803 (¶28) (Miss. Ct. App. 2018), as required by *Strickland v. Washington*, 466 U.S. 668 (1984).

¶18. Cooper must produce "more than conclusory allegations on a claim of ineffective assistance of counsel." *Pittman v. State*, 192 So. 3d 1147, 1149 (¶6) (Miss. Ct. App. 2016) (quoting *Carpenter v. State*, 899 So. 2d 916, 921 (¶23) (Miss. Ct. App. 2005)). "In cases involving [post-conviction] collateral relief, 'where a party offers only [his] affidavit, then [his] ineffective-assistance-of-counsel claim is without merit.'" *Id.* (quoting *Watts v. State*, 97 So. 3d 722, 726 (¶12) (Miss. Ct. App. 2012)).

¶19. Cooper has done none of these things. And, as stated previously, the sentencing transcript and a plethora of other documentation indicates that Cooper pled knowingly and

voluntarily. He has failed to prove any deficiency on the part of his attorney. We, therefore, find his claim without merit under an abuse-of-discretion standard.

## CONCLUSION

¶20.    We find that the DeSoto County Circuit Court properly denied Cooper's PCR motion because his guilty plea waived the assertion of receiving an improper sentence and he has not shown his counsel's performance to have been deficient. Thus, we affirm the circuit court's judgment.

¶21.    **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., FAIR, WILSON AND TINDELL, JJ., CONCUR. CARLTON, J.,  CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.   IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES AND WESTBROOKS, JJ.**

**IRVING, P.J., DISSENTING:**

¶22.    Our jurisprudence is clear: "[A] defendant has a right to be indicted as a habitual offender before he properly may be convicted and sentenced as a habitual offender." *Joiner v. State*, 61 So. 3d 156, 158 (¶6) (Miss. 2011).  And the majority is correct that a defendant waives his right to complain that he was sentenced as a habitual offender—without first being indicted as such—when he enters a knowing and voluntary guilty plea. *Id*.  However, if a defendant has a right to be indicted as a habitual offender before he properly may be convicted and sentenced as such, it is counterintuitive to conclude that he waives that right even if he has not been properly indicted—unless the record affirmatively shows that he knew that he had not been legally indicted but decided to plead guilty anyway, despite the indictment's defect.  The transcript of the plea colloquy between the circuit judge and Cooper

8

does not make such a showing; therefore, I dissent.

¶23.    First, I should note that prior to Cooper's guilty plea, it was the responsibility of the State to ensure that Cooper had been properly indicted as a habitual offender and if he had not been, to either properly amend the indictment or obtain an on-the-record, knowing and voluntary waiver from Cooper of his right to be indicted as a habitual offender.  For sure, he had not been properly indicted, and there is nothing in the record to indicate that he was aware of that.

¶24.    I reiterate what I said in the opening paragraph: Mississippi law provides that a defendant has a right to be indicted as a habitual offender before he properly may be convicted and sentenced as a habitual offender.  It is not legitimately debatable that Cooper's indictment failed to allege the necessary prerequisites to adjudge him a habitual offender because, as to one of the predicate felonies, the indictment alleges that Cooper had been sentenced to only six months' imprisonment for that felony.  The applicable habitual-offender statute, Mississippi Code Annotated section 99-19-81 (Rev. 2015), requires that the defendant must have been sentenced to one year or more for both predicate felonies.

¶25.    Apparently, the majority agrees that the indictment charging Cooper as a habitual offender is defective because it does not attempt to make the case that Cooper was properly indicted as a habitual offender.

---

[1] After the introductory portion of the indictment, it reads in relevant part:

and the said ALLAN DAVID COOPER having been previously convicted of Bank Fraud in Case No. 2:96-CR-20197-001-TU in the United States District Court for the Western District of Tennessee and sentenced on June 19, 1997, to serve a term of six months imprisonment and three years of supervised

9

¹ Rather, it relies instead on the waiver argument, and apparently finds, by virtue of its affirmance of the judgment denying post-conviction relief, that the State obtained a valid waiver during the plea hearing.

¶26.   Respectfully, I must say that what the majority finds as a waiver is nothing more than an abbreviated and perfunctory recitation or certain rights that are waived upon the entry of a guilty plea, and an affirmance by Cooper that he understood that.  Conspicuously absent, however, from that colloquy is any discussion of the length of the sentences Cooper received for the predicate felonies.  I quote the relevant portion of the plea colloquy:

> Q.   Mr. Cooper, do you admit that you committed the crime of false pretense as set forth in the only count in your [i]ndictment?
>
> A.   Yes, sir.
>
> Q.   Do you admit you've been convicted of these underlying felonies which establish you as a Section 99-19-81 habitual offender?
>
> A.   Yes, Your Honor.
>
> Q.   Is it your decision and your decision alone to plead guilty?
>
> A.   Yes, Your Honor.
>
> Q.   Are you asking me to accept that plea?

release;

and the said ALLAN DAVID COOPER having been previously convicted of Theft of Property over $1000 in Case No. 03-05362 in the Criminal Court of Shelby County, Tennessee and sentenced on February 14, 2005, to serve a term of three years in a Tennessee Department of Corrections Workhouse; and the said ALLAN DAVID COOPER thereby coming under Section 99-19-81, Mississippi Code 1972 Annotated, as amended, a Mississippi habitual offender statute, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.

10

A.    Yes, I am.

¶27.    As noted, during the sentencing hearing, Cooper was asked this question: "Do you admit you've been convicted of these underlying felonies which establish you as a [s]ection 99-19-81 habitual offender?" Cooper answered affirmatively. The most that can be said of Cooper's answer is that he admitted he committed the felonies. Whether the felonies and sentences that he received for them propelled him into the habitual-offender sentencing stratosphere is a legal question.

¶28.    It is clear that the question, as posed by the circuit court, erroneously and affirmatively asserted that the underlying felonies established that Cooper was a section 99-19-81 habitual offender. In other words, the court's question peremptorily instructed Cooper that he had been properly indicted as a section 99-19-81 habitual offender. Therefore, relying upon Cooper's answer, as does the majority, to establish that he was agreeing that he was a habitual offender begs the question. Nothing in the record allows us to reach the conclusion that Cooper knew the indictment was insufficient to charge him as a habitual offender and that he was pleading guilty anyway as a habitual offender. The circuit court certainly did not advise Cooper of the requirements—choosing instead to erroneously instruct through its question that the requirements had been met, and Cooper's counsel's statement to the circuit court that he "was satisfied the State could prove the underlying convictions establishing Mr. Cooper as an habitual offender pursuant to . . . [s]ection 99-19-81" does not prove that counsel had discussed the indictment defect with Cooper.

¶29.    Cooper's response to the judge's question is sufficient to conclude that Cooper

11

pleaded guilty as a habitual offender, but it is not sufficient to conclude that Cooper knew that he had not been properly indicted as a habitual offender but agreed to plead guilty as a habitual offender anyway. Therefore, on these facts, it cannot be legitimately argued that Cooper's plea—as a habitual offender—was knowing and voluntary. I am at a loss to discern how Cooper could have pleaded knowingly and voluntarily as a habitual offender after being misled by the court into believing that his prior crimes established him as a habitual offender, when they did not. I cannot imagine that the majority means to suggest that Cooper knowingly pleaded guilty as a habitual offender because before he pleaded, the circuit judge had erroneously informed him that the predicate felonies in the indictment established him as a habitual offender. But that is the proposition that must be embraced to find, as does the majority, that Cooper knowingly and voluntarily pleaded guilty as a habitual offender.

¶30. For the reasons presented, I dissent.

**BARNES AND WESTBROOKS, JJ., JOIN THIS OPINION.**