GREENLEE, J., FOR THE COURT:
 

 ¶ 1. This is an appeal from the DeSoto County Circuit Court's denial of Allan David Cooper's motion for post-conviction relief (PCR) as meritless. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Cooper was indicted in DeSoto County for obtaining over $35,000 with the intent to defraud in violation of section 97-19-39 of the Mississippi Code Annotated (Rev. 2006). The State later moved to amend his indictment to classify him as a section 99-19-81 habitual offender:
 

 and the said ALLAN DAVID COOPER having been previously convicted of Bank Fraud in Case No. 2:96-CR-20197-001-TU in the United States District Court of the Western District of Tennessee and sentenced on June 19, 1997, to serve a term of six months imprisonment
 and three years of supervised release;
 

 and the said ALLAN DAVID COOPER having been previously convicted of Theft of Property over $1000 in Case No. 03-05362 in the Criminal Court of Shelby County, Tennessee and sentenced on February 14, 2005, to serve a term of three years in a Tennessee Department of Corrections Workhouse;
 

 and the said ALLAN DAVID COOPER thereby coming under Section 99-19-81, Mississippi Code 1972 Annotated, as amended, a Mississippi habitual offender statute, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.
 

 See
 

 Miss. Code Ann. § 99-19-81
 
 (Rev. 2015).
 

 ¶ 3. The court granted the motion, and Cooper pled guilty as a section 99-19-81 habitual offender using bank fraud and theft-of-property to establish that status. The DeSoto County Circuit Court accepted his plea and sentenced him to serve one day in the custody of the Mississippi Department of Corrections, with credit for time served, followed by nine years and 364 days of post-release supervision.
 

 ¶ 4. Four years later, Cooper pled guilty to wire fraud in the United States District Court for the Western District of Tennessee. The court sentenced him to serve twenty-seven months in federal prison followed by three years of supervised release.
 

 ¶ 5. The State of Mississippi then filed a petition to revoke Cooper's post-release supervision associated with the intent-to-defraud guilty plea on the basis that he had committed a new crime in violation of its terms. After Cooper was released from federal prison, the DeSoto County Circuit Court revoked his post-release supervision and sentenced him to five years' imprisonment.
 

 ¶ 6. Cooper moved for post-conviction relief. The circuit court ordered the State to respond to Cooper's motion in light of the Mississippi Supreme Court's holding in
 
 Martin v. State
 
 ,
 
 214 So.3d 217
 
 (Miss. 2017). The State did so, and the court found Cooper's case distinguishable.
 

 ¶ 7. The court denied his motion, and Cooper appeals. He asserts that: (1) both the initial sentence and the resultant sentence from his post-release supervision violation were improper because they stemmed from a fatally deficient indictment; and (2) he received ineffective assistance of counsel. Finding no error, we affirm the circuit court's judgment.
 

 DISCUSSION
 

 ¶ 8. "A circuit court's denial of a PCR motion is reviewed for abuse of discretion and will not be disturbed unless the circuit court's decision was clearly erroneous."
 
 Campbell v. State
 
 ,
 
 233 So.3d 904
 
 , 905 (¶ 3) (Miss. Ct. App. 2017) (citing
 
 Crosby v. State
 
 ,
 
 16 So.3d 74
 
 , 77 (¶ 5) (Miss. Ct. App. 2009) ).
 

 I. Were Cooper's sentences improper because they stemmed from a fatally deficient indictment?
 

 ¶ 9. Cooper's initial indictment did not include the habitual-offender status. But his amended indictment did. Cooper now asserts that the amended indictment did not properly set forth the two qualifying felony convictions for that status. Specifically, he argues that his bank-fraud sentence of six months' imprisonment and three years' supervised release did not rise to the level of the one-year sentencing requirements of section 99-19-81 of our statutory law. But "the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment."
 

 Alford v. State
 
 ,
 
 185 So.3d 429
 
 , 431 (¶ 6) (Miss. Ct. App. 2016) (quoting
 
 Joiner v. State
 
 ,
 
 61 So.3d 156
 
 , 159 (¶ 7) (Miss. 2011) ). That waiver even incorporates "an indictment's failure to include habitual offender status ...."
 
 Joiner
 
 ,
 
 61 So.3d at 160
 
 (¶ 10). For reasons discussed below, we find that Cooper waived the indictment's defects.
 

 ¶ 10. Generally, in Mississippi, "a voluntary guilty plea functions as a waiver."
 
 Joiner
 
 ,
 
 61 So.3d at 161
 
 (¶ 15) (citing
 
 Brooks v. State
 
 ,
 
 573 So.2d 1350
 
 , 1353 (Miss. 1990) ). When Cooper petitioned the DeSoto County Circuit Court to enter a guilty plea to obtaining over $35,000 with the intent to defraud, his plea documents indicated that he was a college-educated man who retained his own counsel. In the plea, he acknowledged a maximum punishment of ten years' imprisonment and a $10,000 fine. Furthermore, the petition-which he signed-noted that "[i]t is [his] understanding that the District Attorney will recommend to the Court that [he] receive[s] a sentence as follows ... : 10 years post release supervision pursuant to section 99-19-81, 2 years reporting, fines, costs, and assessments, restitution ...." He also listed two prior felonies: bank fraud and theft-of-property.
 

 ¶ 11. At his sentencing, Cooper acknowledged that he had reviewed and signed the petition. He affirmed that his attorney had thoroughly discussed his case with him. His attorney reported to the court that he was satisfied that the State could prove the underlying convictions to establish Cooper as a habitual offender under section 99-19-81. Finally, Cooper agreed that he had "been convicted of ... underlying felonies which establish [him] as a Section 99-19-81 offender." Then, the following discussion occurred:
 

 By the Court: All right. I will reluctantly approve Mr. Cooper's sentence. He'll be sentenced as a Section 99-19-81 habitual offender to ten years in the Mississippi Department of Corrections to be served one day incarceration, nine years, three hundred and sixty-four days post-release supervision, two of those years reporting, a 1,000-dollar fine plus court costs, $200.00 to Crime Victims Compensation Fund, as well as restitution ... totaling $52,719.00.
 

 I understand that amount is by agreement of the parties. Is that correct, Mr. Thompson?
 

 By Mr. Thompson: It is, Your Honor.
 

 By the Court: Is that correct, Mr. Cooper?
 

 By the Defendant: Yes, Your Honor.
 

 ¶ 12. It is apparent that Cooper pled knowingly and voluntarily as a section 99-19-81 habitual offender. This statement alone is sufficient to show that he has waived the assertion to a claim of an improper sentence. Also notable is that because Cooper willingly pled guilty to the enhancement as a habitual offender, the State was not forced to proceed to a trial on that issue, through which it could have discovered any issues with the sentences Cooper served and could have contested those arguments or adjusted the position of the State accordingly.
 

 ¶ 13. This determination conforms with our state's jurisprudence. In
 
 Martin
 
 , a jury found the defendant guilty of burglary, and the court sentenced him as a habitual offender with no objection to that status.
 
 Martin
 
 ,
 
 214 So.3d at 220
 
 (¶ 4). But the Mississippi Supreme Court determined his sentence was illegal because one of his prior convictions did not result in a sentence of one year or more:
 

 Martin's other cited conviction-a 1994 federal bank-fraud conviction from California-resulted in a sentence of only three months' imprisonment, with three
 years of supervised release. And when Martin violated the terms of that release, he was sentenced to only an additional five months' imprisonment. Even with the time tallied together, he was sentenced to less than one year on the federal conviction.
 

 Id.
 

 at 221
 
 (¶ 9). Thus, his prior convictions did not meet the requirements of section 99-19-81.
 

 Id.
 

 Like the circuit court, we too find that Cooper's case is distinguishable. Unlike in
 
 Martin
 
 , Cooper pled guilty as a habitual offender. In that vein, his case is more similar to
 
 Vanwey v. State
 
 ,
 
 149 So.3d 1023
 
 (Miss. 2014).
 

 ¶ 14. There, our supreme court held that Vanwey had waived her objection to the habitual-offender sentence and also noted that she had negotiated a plea agreement from a potential sentence of 245 years in prison to forty-five years in prison-gaining a significant benefit.
 
 Vanwey
 
 ,
 
 149 So.3d at 1024
 
 (¶ 4). Notwithstanding this significant benefit, the supreme court in
 
 Vanwey
 
 ruled that Vanwey had waived the issue by her plea.
 

 Id.
 

 at (¶ 3).
 

 ¶ 15. In the present case, Cooper acknowledged in his plea agreement that the maximum punishment that the circuit court could impose was ten years' imprisonment and a $10,000 fine, thereby waiving the right to later object to such punishment.
 
 See
 
 MRCrP 15.4(a)(2). Furthermore, spending nine years and 364 days out of jail rather than ten years in jail is clearly a significant benefit negotiated by Cooper's retained attorney. Cooper waived the assertion of receiving an improper sentence when he agreed that he was a habitual offender and that the court could sentence him to ten years' incarceration. His plea agreement with the State then resulted in a significant benefit to his sentence when Cooper pled guilty. The court then ordered that benefit to Cooper as agreed upon by him and the State.
 

 ¶ 16. Cooper had been convicted of bank fraud and theft-of-property, and here he pled guilty to obtaining over $35,000 with the intent to defraud as a habitual offender. Therefore, we affirm the circuit court's judgment under the abuse-of-discretion standard. Cooper's plea waived this attempt to undo his sentence.
 

 II. Did Cooper receive ineffective assistance of counsel?
 

 ¶ 17. Cooper also asserts he received ineffective assistance of counsel. In its order denying Cooper's motion for post-conviction relief, the DeSoto County Circuit Court acknowledged that a guilty plea would not waive Cooper's effective-assistance-of-counsel constitutional right, but the court noted that Cooper "has not shown that his counsel's performance was deficient, nor that he was prejudiced by counsel's deficient performance." This remains true, as Cooper does not provide a statement by his attorney to document his assertion that he was not advised of the requirements for section 99-19-81 to apply or any other "proof that counsel's performance was objectively deficient ...,"
 
 Bolton v. State
 
 ,
 
 243 So.3d 796
 
 , 803 (¶ 28) (Miss. Ct. App. 2018), as required by
 
 Strickland v. Washington
 
 ,
 
 466 U.S. 668
 
 ,
 
 104 S.Ct. 2052
 
 ,
 
 80 L.Ed.2d 674
 
 (1984).
 

 ¶ 18. Cooper must produce "more than conclusory allegations on a claim of ineffective assistance of counsel."
 
 Pittman v. State
 
 ,
 
 192 So.3d 1147
 
 , 1149 (¶ 6) (Miss. Ct. App. 2016) (quoting
 
 Carpenter v. State
 
 ,
 
 899 So.2d 916
 
 , 921 (¶ 23) (Miss. Ct. App. 2005) ). "In cases involving [post-conviction] collateral relief, 'where a party offers only [his] affidavit, then [his] ineffective-assistance-of-counsel claim is without merit.' "
 

 Id.
 

 (quoting
 
 Watts v. State
 
 ,
 
 97 So.3d 722
 
 , 726 (¶ 12) (Miss. Ct. App. 2012) ).
 

 ¶ 19. Cooper has done none of these things. And, as stated previously, the sentencing transcript and a plethora of other documentation indicates that Cooper pled knowingly and voluntarily. He has failed to prove any deficiency on the part of his attorney. We, therefore, find his claim without merit under an abuse-of-discretion standard.
 

 CONCLUSION
 

 ¶ 20. We find that the DeSoto County Circuit Court properly denied Cooper's PCR motion because his guilty plea waived the assertion of receiving an improper sentence and he has not shown his counsel's performance to have been deficient. Thus, we affirm the circuit court's judgment.
 

 ¶ 21.
 
 AFFIRMED.
 

 LEE, C.J., GRIFFIS, P.J., FAIR, WILSON AND TINDELL, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES AND WESTBROOKS, JJ.